# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-1517V
(not to be published)

|  |  |
|---|---|
| JOHN HOMAN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: September 3, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Heather M. Bonnet-Hebert, Robert B. Feingold & Associates, New Bedford, MA, for Petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 1, 2018, John Homan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on October 7, 2016. (Petition at 1). On April 21, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 43).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 15, 2021 (ECF No. 49), requesting a total award of $22,264.42 (representing $21,435.40 in fees and $829.42 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 49-4). Respondent reacted to the motion on July 26, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 50). On August 2, 2021, Petitioner filed a reply asking that I determine a reasonable amount of fees to be awarded. (ECF No. 52).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A.  Hourly Rates

Petitioner requests the following rates of compensation for the work of his attorney Heather M. Bonnet-Hebert: $325 per hour for 2018; $340 per hour for 2019; $365 per hour for 2020; and $380 per hour for 2021. (ECF No. 49-1 at 2). The rates requested for 2018 and 2019 are consistent with what Ms. Bonnet-Hebert has been awarded for her work in the Vaccine Program in prior cases, and I shall therefore apply them herein. The requested rates for 2020 and 2021, which have not previously been awarded, are also reasonable and they shall be applied as well.

Petitioner is also requesting paralegal rates as follows: $142 per hour for 2018; $135 per hour for 2019; $141 per hour for 2020 and $148 per hour for 2021. (Id).[3] I find no reason to deviate from the previously awarded rate in the prior case, and therefore the paralegal rate for $135 per hour for time billed in 2019 and 2020 shall be applied, but the rate for 2018 requires adjustment. Ms. Bonnet-Hebert's paralegal was previously awarded the rate of $135 per hour for time billed in 2018 – less than what is requested herein. *See,* e.g., *Fram v. Sec'y of Health & Human Servs.,* No. 17-1314V, 2019 WL 5709376 (Fed. Cl. Spec. Mstr. Aug 7, 2019). Applying that rate results in a reduction of **$21.30**.[4]

### B.  Paralegal Tasks at Attorney Rates

I find it necessary to reduce Ms. Bonnet-Hebert rate as applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs*., 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health &*

---

[3] Petitioner's counsel changed firms during these proceedings and the requested rates are reflected as "the paralegal support here has less experience in handling both personal injury and vaccine injury matters." (ECF No. 49-1 at 2).

[4] This amount consists of $138 - $135 = $3 x 7.1 hrs = $21.30.

*Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Bonnet-Hebert billed 3.2 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. Examples of these (which are not an exhaustive list) include the following:

- January 23, 2018 (0.40 hrs) "Research alternate contact info for Mr. Homan";

- October 1, 2018 (0.30 hrs) "Prepare and assemble copy of Petitioner and supporting materials for service on Secretary of HHS";

- December 20, 2018 (0.50 hrs) "Submit federal BOP medical record requests";

- January 23, 2019 (0.2 hrs) "Email to orthopedic surgeon's office requesting copy of missing office note; and

- January 28, 2020 (0.10 hrs) "Prepare and refax authorizations as requested."

(ECF No. 31-3 at 1-2).[5]

I shall reduce Ms. Bonnet-Hebert's rate for these tasks to the rates of $135 per hour for 2018 and 2019, and $141 per hour for 2020. This further reduces the awardable attorney fees by **$644.60**.[6]

## ATTORNEY COSTS

Petitioner requests $829.02 in overall costs. (ECF No. 49-3). This amount is comprised of obtaining medical records, postage, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable. However, there are several costs that did not include documentation. They include the following:

- September 30, 2017 – Postage ($2.30);

---

[5] These are merely examples and not an exhaustive list.

[6] This amount consists of ($325 - $135 = $190 x 1.9 hrs = $361) + ($340 - $135 = $205 x 0.40 hrs = $82) + ($365 - $141 = $224 x 0.90 hrs = $201.60) = $644.60.

- February 28, 2018 – Postage ($6.67);

- July 15, 2021 – Priority Mail – Illinois Dept. of Healthcare and Family Services ($7.95);

- July 15, 2021 – Priority Mail – Orland Park Orthopedics ($7.95); and

- July 15, 2021 – Priority Mail – Petitioner's Settlement Check ($7.95).

(ECF No. 49-3).

Because such costs have not been substantiated, I am required to deny their award. Total costs to be awarded are thus reduced by the sum of **$32.82**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$21,565.70** (representing $20,769.50 in fees and $796.20 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.